**BETTER TV, INC. OF BENNINGTON, d/b/a Adelphia Cable Communications & Mountain Cable Company, d/b/a Adelphia Cable Communications, Plaintiffs–Appellees,**

v.

**PUBLIC SERVICE BOARD OF THE STATE OF VERMONT, (PSB), Defendant–Appellant,**

**Vermont Department of Public Service, Intervenor–Defendant–Appellant.**

Docket No. 01–7424.

United States Court of Appeals, Second Circuit.

July 25, 2002.

Christopher G. Jernigan, Assistant Attorney General, Montpelier, VT, (William H. Sorrell, Attorney General, on the brief), for Appellant Public Service Board.

Dixie Henry, Montpelier, VT, for Appellant Department of Public Service.

David R. Poe, LeBoeuf, Lamb, Greene & MacRae, Washington, DC, (Meabh Purcell, Daniel F. Lula, Paul Glist, Steve Horvitz, and T. Scott Thompson, on the brief), for Appellee.

Present MESKILL and JACOBS, Circuit Judges. LYNCH, District Judge.*

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **VACATED IN PART** and **REMANDED.**

In 1996, Mountain Cable Company and Better T.V. Inc of Bennington, both d/b/a Adelphia Cable Communications (hereinafter collectively "Adelphia"), applied to the Public Service Board of the State of Vermont (the "Board") for renewal of several of their Vermont cable franchises. The Board is the local franchising authority for the state of Vermont under the Cable Communications Policy Act of 1984, as amended (the "Cable Act"). 47 U.S.C. § 521 et seq. The Board is empowered to grant, renew, and revoke cable television franchises under Vermont law. 30 V.S.A. § 502(b). In 1999, the Board conducted an investigation, authorized by procedures set forth in the Cable Act, 47 U.S.C. § 546(a)-(g), into Adelphia's franchise renewal proposals. The Vermont Department of Public Service (the "Department") intervened in these proceedings and advocated that certain conditions and limitations be imposed on the renewal. On April 28, 2000, the Board issued an order renewing the franchises in question subject to various conditions and limitations objectionable to Adelphia. Pursuant to the Cable Act, Adelphia sought "judicial review" of the Board order before the United States District Court for the District of Vermont (Murtha, *C.J.*). 47 U.S.C. § 546(e)(1) and § 555.

On September 22, 2000, the Board moved to dismiss the petition for review on the ground that it was barred by the Eleventh Amendment. The Department intervened in support. In response, Adelphia filed a cross-motion for leave to file an amended complaint that would name as defendants the individual members of the Board in their official capacity, pursuant to *Ex parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908). Adelphia's motion stated that "to the extent the Court is not satisfied with [Adelphia's argument that the Board should be denied sovereign immunity], Adelphia now cross-moves to amend the complaint to add the individual Board members as party defendants." On April 2, 2001, the district court issued an order denying the Board's motion to dismiss. On the same day, the district court also denied (without comment) Adelphia's motion for leave to amend the complaint. No reason was stated, apparently because the amendment was sought only in the event that the Board's motion for Eleventh Amendment immunity was granted, a contingency that did not arise. The district court therefore had no reason to consider the merits of Adelphia's motion to amend.

The Board, again with the Department intervening in support, now appeals the district court's denial of its motion to dismiss. We have jurisdiction under the collateral order doctrine. *See Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 113 S.Ct. 684, 121 L.Ed.2d 605 (1993); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949).

In *Bell Atlantic v. MCI Worldcom*, 240 F.3d 279 (4th Cir.2001), the Fourth Circuit held, under arguably analogous provisions of the Telecommunications Act of 1996, 47 U.S.C. § 151, *et seq.*, that the state com-

---

mission was entitled to sovereign immunity. On June 25, 2001, the Supreme Court granted certiorari. On May 20, 2002, the Supreme Court decided that case but avoided the constitutional question whether the state commission was entitled to sovereign immunity by holding that the plaintiff could maintain its action against the individual members of the state commission under *Ex parte Young*. *Verizon Md. Inc. v. Pub. Serv. Comm'n,* —— U.S. ——, 122 S.Ct. 1753, 152 L.Ed.2d 871 (May 20, 2002).

In light of *Verizon Maryland,* and to avoid a constitutional question if it is possible and appropriate to do so, we vacate the district court's order denying Adelphia's motion seeking leave to file an amended complaint adding the individual members of the Board as party defendants. In addition, we remand to the district court for consideration of Adelphia's motion on the merits. If the district court grants the motion, it should also express its view as to whether Adelphia can proceed under *Ex Parte Young*. In remanding to the district court, we intimate no view on the merits of the legal or factual questions to be considered or on any substantive aspects of the earlier proceedings before the district court.

Any appeal that lies from the district court's rulings on remand concerning the Eleventh Amendment, the motion to amend, or *Ex Parte Young* shall be referred to the same panel of this Court.

For the reasons set forth above, the judgment of the district court is hereby **VACATED IN PART** and **REMANDED**.